PER CURIAM.
The decision of the appeal in this case proceeded upon the ground that the statute of limitations had run, which barred any criminal prosecution, and therefore, the parties would not be excused from answering or producing documents tending to, prove them guilty of a criminal offense. It is now claimed that the assumption of fact by the court that the statute had run was a misapprehension; that in fact it has not yet run. The affidavit upon which the order to show cause is based is made by George ZRyall, who is the attorney for the defendant William Ghormley, and the application is made upon his behalf. Nothing appears in the papers to show that a reargument is sought for the benefit of any other person, or that it is made in behalf of any of the other appellants, or that they, or either of them, desire a reargument. So far as the party making the present motion is concerned, it affirmatively appears that he made all the transfers of which a discov-. •ery is sought as early as January 17, 1898; and reference to the testimony referred to in the affidavit which supports the motion •shows that it relates to transfers made by parties other than the •present applicant. It therefore appears that, so far as William Ghormley is concerned, the statute has run, and he is not entitled to consideration on account thereof. We may not treat this as an application on behalf of the other defendants, for they have not joined therein, nor does it affirmatively appear that it is made upon their behalf. The privilege upon which the exemption is based is a personal privilege, and must be urged by each party in his own behalf. Rap. Wit. § 265; Southard v. Rexford, 6 Cow. 259 ; Ward v. People, 6 Hill, 144. The court should not be astute to relieve parties unless they present themselves standing clearly within the rule which they seek to invoke. As the statute has run upon the present applicant, and none of the other defendants have asked to be relieved from the misapprehension, assuming it to exist, no cause is made for reargument.
The motion should be denied, with $10 costs.